**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CORDELIA WAITE, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

P. C. RICHARD & SON LONG ISLAND CORPORATION,

Defendant.

Case No. 1:26-cv-03591-JGK

**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Cordelia Waite ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This is a class action and a collective action brought to remedy violations of federal and New York state wage-and-hour laws by Defendants (as defined herein).

2. Defendants operate a chain of appliance, television, electronics, and mattress stores throughout the eastern United States, including in New York.

3. At all relevant times set forth herein, Defendants employed Plaintiff and other similarly situated persons as hourly non-exempt workers. Defendants continue to employ workers throughout the eastern United States and in New York.

///

4. During her employment with Defendants, Plaintiff performed work and tasks related to customer service, store operations, sales, inventory, and delivery, among other duties.

5. Defendants have engaged in a common practice of requiring Plaintiff and similarly situated employees to work without proper pay, including, *inter alia*, overtime work. Upon information and belief, Defendants knew or should have known that Plaintiff, Class Members, and FLSA Collective Members were entitled to receive minimum, regular, and overtime wages for all hours worked and that they were not receiving minimum, regular, and overtime wages for all hours worked.

6. Defendants knew or should have known that Plaintiff, Class Members, and FLSA Collective Members were entitled to reimbursement of all necessary business-related expenses and costs and expenses incurred by them in carrying out duties assigned by Defendants but that they were not being reimbursed for said costs and expenses.

7. Upon information and belief, at all relevant time periods, Defendants knew or should have known that they had a duty to provide Plaintiff, Class Members, and FLSA Collective Members with compensation due to them under the law, and Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, all in order to increase Defendants' profits.

8. Plaintiff seeks to recover unpaid wages on behalf of FLSA Collective Members pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

9. Plaintiff also seeks to recover unpaid compensation on behalf of Class Members pursuant to the New York labor law, including, *inter alia*, Article 6, § 190, *et seq.* and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations (collectively, "NYLL").

///

///

///

///

## THE PARTIES

***Plaintiff Cordelia Waite***

10. Plaintiff Cordelia Waite is an individual over the age of eighteen, and at all times relevant to this Complaint, was a resident of the State of New York, County of Bronx.

11. Plaintiff is a covered employee within the meaning of the FLSA, NYLL and the supporting New York State Department of Labor Regulations.

12. Plaintiff was employed as a non-exempt worker for Defendants at various locations during her employment from approximately June 2015 to approximately October 2025, including but not limited to at the Upper East Side location at 205 East 86th Street, New York, NY 10028, the Upper West Side locations originally at 2372 Broadway New York, NY 10024 and then relocated to 2220 Broadway New York, NY 10024, the East Fordham Road location at 2501 Grand Concourse FT1D, Bronx, NY 10468, and the Bay Plaza location at 356 Baychester Avenue, Bronx, NY 10475. During the relevant period, Plaintiff was employed in various positions, including as a salesperson, as a clerical worker, and lastly as an office manager. Plaintiff's last hourly rate was approximately $26.00, but during the relevant period, to the best of her recollection, Plaintiff was paid at a variety of rates, including as low as a rate of $15.00. Plaintiff was regularly scheduled to work five (5) days per week. Plaintiff's scheduled shift start times and scheduled shift end times varied but her scheduled daily shifts usually ranged in duration between six (6) hours and eight (8) hours of scheduled or recorded time. Therefore, in a week that included five (5) shifts of at least eight (8) hours of scheduled or recorded time, Plaintiff would plausibly have at least 40 hours of recorded time as part of her regular schedule. Additionally, Plaintiff recalls working 40+ hours in multiple workweeks over the relevant period, including and not limited to, in summer of 2024 and in at least one week of December 2022.

13. Furthermore, in addition to her recorded time, Plaintiff also was required to spend time working for Defendants' benefit off-the-clock. Plaintiff performed off-the-clock work for Defendants' benefit performing tasks related to customer service, store operations, sales, inventory, and delivery, among other duties, before clocking in for a shift, during what should have

been a duty-free meal break, and after clocking out of a shift. This time spent working was uncompensated and resulted in unpaid wages at both straight time and overtime rates.

14. For example, Plaintiff usually clocked out for an unpaid meal break, but often was required to perform work and did not receive a duty-free meal break. During times when she was clocked out and taking an unpaid meal break, Plaintiff estimates that she was interrupted two (2) to three (3) times per week to address work-related questions or otherwise perform work duties, resulting in shortened unpaid meal breaks, and time worked off the clock. In total, Plaintiff estimates she spent between approximately ten (10) and thirty (30) minutes per workweek working off the clock during unpaid meal breaks.

15. Plaintiff also regularly performed work prior to the scheduled start time of a shift, for example, responding to work inquiries and handling opening-related responsibilities.

16. Plaintiff also regularly performed work after the scheduled end time of a shift. For example, Plaintiff would be required to clock out at the end of a scheduled shift, and then continue working to ensure she completed the required work without exceeding the recorded time limits that her supervisor imposed. On average, Plaintiff estimates that she continued working after clocking out at the end of a shift one (1) or two (2) times per month, each time for between approximately one (1) hour and three (3) hours. In total, Plaintiff estimates she spent between approximately fifteen (15) minutes and one and a half (1.5) hours per workweek working off the clock after clocking out for a shift. This time spent working went unrecorded and was therefore uncompensated at the proper straight and/or overtime rate of pay.

17. Therefore, without providing a week-by-week accounting of all hours worked, when considering together Plaintiff's regular schedule, which ranged between thirty (30) and forty (40) hours of scheduled time, and the time she spent working off-the-clock, Plaintiff necessarily worked overtime (i.e., in excess of forty (40) hours in a week) in multiple workweeks during the relevant period, and was not compensated for all hours worked.

///

///

18. Plaintiff was required to use her personal cellphone to perform work while off the clock, such as responding to text messages and calls, when she was clocked out and on her days off, and was not reimbursed for this expense.

19. Defendants failed to pay straight time or overtime wages to Plaintiff for the off-the-clock work she performed in multiple workweeks, including, *inter alia*, workweeks in which Plaintiff's work exceeded forty (40) total hours (inclusive of both recorded and off-the-clock work).

***Defendant P. C. Richard & Son Long Island Corporation***

20. Defendant P. C. Richard & Son Long Island Corporation, at all times herein mentioned, was and is, upon information and belief, a New York corporation and an employer that employs and/or otherwise engages workers in multiple states, including, *inter alia*, the States of New York, New Jersey, Connecticut, and Pennsylvania, and employs and/or otherwise engages workers in the State of New York in several counties, including the Counties of Bronx and Manhattan. Defendant's headquarters is located at 150 Price Parkway, Farmingdale, New York, 11735.

21. At all relevant times, P. C. Richard & Son Long Island Corporation was the "employer" of Plaintiff and the other putative class and collective members within the meaning of all applicable state and federal laws and statutes.

22. Upon information and belief, P. C. Richard & Son Long Island Corporation is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

23. The true names and capacities, whether corporate, associate, individual or otherwise, of all defendants legally responsible for the events and happenings referred to in this Complaint are unknown. Said defendants unlawfully caused the injuries and damages to Plaintiff and the other Class Members and FLSA Collective Members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained. Said defendants and P. C. Richard & Son Long Island Corporation

are herein collectively referred to as "Defendants."

24. At all times herein relevant, Defendants, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators, and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators, and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

25. At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees. This consisted of maintaining operations, employment, timekeeping, and payroll records and systems; supervising and directing their work; evaluating their work using various performance metrics; and tracking the tasks they performed.

26. Defendants apply the same operations and employment policies, practices, and procedures to all Class Members and FLSA Collective Members.

27. Plaintiff is informed and believes, and based thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

28. At all relevant time periods, Defendants have been employers, both jointly and in their individual capacities, within the meaning of the FLSA under 29 U.S.C. § 203(d).

29. At all relevant time periods, Plaintiff and FLSA Collective Class Members were and/or are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

30. At all relevant time periods, Plaintiff and FLSA Collective Members were and/or are employees who engaged in commerce or in the production of goods for commerce and/or employed in an enterprise engaged in the production of goods for commerce, as required by 29 U.S.C. § 207.

31. At all relevant time periods, Defendants have been an enterprise within the meaning of the FLSA, under 29 U.S.C. § 203.

**JURISDICTION AND VENUE**

32. This action is brought pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23.

33. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331, and 1337, and 29 U.S.C. § 216(b) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d).

34. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

35. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former hourly-paid or non-exempt employees who worked for Defendants in the United States, including, *inter alia*, the States of New York, New Jersey, Connecticut, and Pennsylvania at any time during the period from April 30, 2023 to the date of final judgment in this action and who choose to opt-in to this action (referred to herein as the "FLSA Collective Members" or "FLSA Collective").

37. Plaintiff brings this action on behalf of the FLSA Collective Members as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff reserves the right to establish additional subclasses as appropriate.

///

38. Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216(b). Like Plaintiff, each potential member of the FLSA Collective must sign a written consent to join this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an "opt-in" plaintiff.

39. Notice of the pendency and any resolution of this action can be provided to potential members of the FLSA Collective by mail, print, internet, and/or telephone text message publication.

40. There is a well-defined community of interest in the litigation and the potential members of the FLSA Collective are readily ascertainable.

41. There are common questions of law and fact as to the FLSA Collective that predominate over questions affecting only individual members, including and not limited to:

a. Whether Defendants required Plaintiff and FLSA Collective Members to work over forty (40) hours per week and failed to pay legally required overtime compensation to them;

b. Whether Defendants required Plaintiff and FLSA Collective Members to work off the clock and thereby failed to pay legally required wages to Plaintiff and FLSA Collective Members for all hours worked;

c. Whether Defendants failed to incorporate all forms of earned, non-discretionary compensation into the regular rate of pay used to calculate and pay overtime wages;

d. Whether Defendants failed to pay Plaintiff and FLSA Collective Members legally required wages by requiring Plaintiff and FLSA Collective Members to incur employer and/or business-related expenses and failing to reimburse for them;

e. Whether Defendants' conduct was willful; and

f. Whether Plaintiff and FLSA Collective Members have sustained damages, and if so, what is the proper measure of those damages.

///

///

42. Defendants are aware or should have been aware that the FLSA requires them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per workweek.

43. Defendants' unlawful conduct has been widespread, repeated, and consistent.

44. The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

45. Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action under Federal Rule of Civil Procedure 23, individually, and on behalf of each and all other persons similarly situated, and thus seeks to prosecute the claims as a class action on behalf of:

> All current and former hourly-paid or non-exempt employees who worked for Defendants in New York during the period from April 30, 2020 to the date of final judgment in this action (the "Class Members" or "Class").

46. Plaintiff reserves the right to establish subclasses as appropriate.

47. The Class Members are ascertainable and there is a well-defined community of interest in the litigation.

***Numerosity and Ascertainability***

48. The membership of the entire Class is unknown to Plaintiff at this time. However, upon information and belief, the Class is estimated to consist of approximately fifty (50) or more individuals.

49. The number of Class Members is so numerous that joinder of all Class Members is impracticable.

50. Class Members are also readily ascertainable. The number and identity of Class Members are determinable from Defendants' records. The positions held and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under applicable law.

///

***Common Questions of Law and/or Fact***

51. The claims of Plaintiff and Class Members arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. There are questions of law and fact common to the Plaintiff and Class Members that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether Defendants had a policy of failing to pay Plaintiff and Class Members for all time that they work;

b. Whether Defendants correctly calculated and compensated Plaintiff and Class Members for hours worked in excess of forty (40) per workweek;

c. Whether Defendants failed to compensate Plaintiff and Class Members for all hours worked, including minimum, regular, and overtime wages to which they were entitled to by law;

d. Whether Defendants paid Plaintiff and Class Members at the proper wage rate for all hours worked;

e. Whether Defendants failed to incorporate all forms of earned, non-discretionary compensation into the regular rate of pay used to calculate and pay overtime wages and paid sick, safe, and/or time off;

f. Whether Defendants failed to provide Plaintiff and Class Members with meal and/or rest breaks to which they are entitled by law, requiring them to perform work during meal and/or rest breaks without proper compensation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and Class Members during their employment;

h. Whether Defendants failed to timely pay all wages due to Plaintiff and Class Members upon the end of their employment;

///

i. Whether Defendants failed to keep and maintain contemporaneous, complete, true and accurate payroll and time records pertaining to Plaintiff and Class Members, as required by law, including, *inter alia,* hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period;

j. Whether Defendants failed to furnish Plaintiff and Class Members with an accurate wage notice upon hire;

k. Whether Defendants failed to furnish Plaintiff and Class Members with an accurate itemized wage statement, as required by law, indicating, *inter alia*, wages, hours worked, rates paid, and gross wages;

l. Whether Defendants failed to pay Plaintiff and Class Members legally required wages by requiring Plaintiff and Class Members to incur employer and/or business-related costs and expenses in carrying out duties, and failing to compensate Plaintiff and Class Members for said costs and expenses Defendants were required to reimburse and/or which Defendants agreed to or expressly implied they would compensate;

m. Whether Defendants had actual or constructive knowledge of the facts set forth herein;

n. Whether Defendants' conduct alleged herein was willful, intentional, and or reckless; and

o. The proper formula for calculating damages owed to Plaintiff and Class Members as alleged herein, including the nature and extent of Plaintiff and Class Members' injuries, damages, and loss, and the appropriate measure of compensation for such injuries, damages, and loss.

///

///

///

***Typicality***

52. Plaintiff's claims are typical of those claims which could be alleged by Class Members, and the relief sought is typical of the relief which would be sought by Class Members in separate actions.

53. All Class Members were subject to the same practices of Defendants, as alleged herein, including, *inter alia*, failing to pay required wages (including and not limited to, for off-the-clock work and overtime work), failing to maintain records, and failing to provide proper wage statements and notices.

54. Plaintiff and Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with applicable law.

55. Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Class Members.

56. Plaintiff and Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

57. Plaintiff is able to fairly and adequately represent and protect the interests of the Class that they seek to represent and Plaintiff's interests do not conflict with the interests of the Class Members.

58. Plaintiff is represented by counsel who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

///

///

///

***Superiority***

59. A class action is superior to other available means for the fair and efficient adjudication of this controversy – particularly in the context of wage and hour litigation like the present action, where individual Class Members may lack the financial resources to vigorously prosecute a lawsuit in court against a defendant. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Plaintiff and Class Members predominate over any questions affecting only individual Class Members. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

60. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendants.

61. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## <u>COMMON FACTUAL ALLEGATIONS</u>

62. Plaintiff, FLSA Collective Members, and Class Members are current and former hourly-paid or non-exempt employees who worked for Defendants during the relevant time period.

63. At all times relevant, Plaintiff and Class Members have been employees of Defendants and Defendants have been the employer of Plaintiff and Class Members within the meaning of the NYLL § 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

///

///

64. The time that Defendants required Plaintiff, FLSA Collective Members, and Class Members to work without compensation deprived them of substantial pay to which they are entitled under the FLSA and the NYLL, including overtime pay for hours worked in excess of forty (40) per week.

65. Under New York law, specifically NYLL § 162, employers are required to provide factory hourly, non-exempt employees working a shift of six (6) or more hours with a 60-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 60-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; provide non-factory hourly, non-exempt employees working a shift of six (6) or more hours with a 30-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 45-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; and all hourly, non-exempt employees are entitled to an additional 20-minute duty-free, uninterrupted meal period between 5:00 p.m. and 7:00 p.m. for workdays that extend from before 11:00 a.m. to after 7:00 p.m.

66. Under New York law, during meal periods, employees must be completely relieved from duty and free to leave their work areas and engage in other personal pursuits, and when meal periods are interrupted, missed, and/or shortened by the performance of any work, whether active or in-active, or when the employee is prohibited from leaving their work areas and to engage in personal pursuits, they do not count as meal periods and must be counted and compensated by the employer as time worked.

67. Plaintiff, FLSA Collective Members, and Class Members worked off the clock for Defendants' benefit before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift.

///

///

68. Defendants were aware that Plaintiff, FLSA Collective Members, and Class Members worked off the clock before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift, yet Defendants failed to pay them minimum, regular, and overtime wages for all of the hours worked.

69. Defendants required Plaintiff, FLSA Collective Members, and Class Members to incur employer and/or business-related costs and expenses in carrying out duties assigned by Defendants and failed to reimburse or compensate them. For example, Plaintiff was required to use her personal cellphone to respond to work-related calls and inquiries on her days off, but she was not reimbursed by Defendants for this expense. These unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff, FLSA Collective Members, and Class Members' job duties or in obedience to Defendants' directions, and reduced Plaintiff, FLSA Collective Members, and Class Members' take-home pay below the legally-required wage rates.

70. Under New York law, employers are required to pay an extra hour of pay at the minimum wage rate when a workday exceeds ten (10) hours, including breaks and split shifts, as mandated by applicable supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142-2.4, 12 NYCRR § 142-3.4, and 12 NYCRR § 146-1.6.

71. Plaintiff and Class Members worked more than one shift in a day and their total hours worked in that day were ten (10) or more hours.

72. Defendants failed to pay Plaintiff and Class Members an extra hour of pay at the minimum wage rate when they worked more than one shift in a day and their total hours worked in that day were ten (10) or more hours.

73. Throughout the duration of their employment, Plaintiff and Class Members received paychecks from Defendants that did not properly record or compensate them for all hours that they worked.

74. Defendants failed to pay promised wages and compensation to Plaintiff and Class Members as required by NYLL §§ 193, 198, and 198-C.

75. Defendants failed to adequately furnish Plaintiff and Class Members with an accurate wage notice upon hire, as required by NYLL § 195(1).

76. Defendants failed to adequately provide Plaintiff and Class Members notice of any changes to their wage notice, as required by NYLL § 195(2).

77. Defendants failed to furnish Plaintiff and Class Members with accurate itemized wage statements indicating, *inter alia*, wages, hours worked, rates paid, and gross wages, as required by NYLL § 195(3).

78. Defendants failed to keep contemporaneous, complete, true, and accurate records pertaining to Plaintiff and Class Members, as required by law, including, *inter alia*, hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period, as required by NYLL § 195(4).

79. Defendants' violations deprived Plaintiff and Class Members of their ability to contest violations, which led to delayed payment of proper wages, and decreased the amount of Social Security benefits available to Plaintiff and Class Members as a result of the reduced wages reported on employees' W-2s. Plaintiff's wage statements did not show the hours she actually worked because they did not include the hours she worked off-the-clock, and concealed Defendants' wage underpayments.

80. Plaintiff is informed, believes, and based thereon alleges that Defendants' unlawful conduct has been widespread, repeated, and consistent as to the FLSA Collective and Class Members and throughout Defendants' operations.

81. Defendants were or should have been aware that the FLSA and New York law required Defendants to pay hourly-paid or non-exempt employees for all hours worked.

82. Defendants' failure to pay hourly-paid or non-exempt employees minimum, regular, and overtime wages for all hours worked was willful, intentional, and in bad faith.

83. Defendants' withholding of money which Plaintiff and Class Members were owed, injured Plaintiff and Class Members, and is a concrete, economic harm.

///

**FIRST CAUSE OF ACTION: FLSA – OVERTIME WAGES**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 207:**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

84. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

85. The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

86. At all material times set forth herein, Plaintiff and FLSA Collective Members did not qualify for exempt status under the FLSA.

87. At all material times set forth herein, Plaintiff and FLSA Collective Members worked in excess of forty (40) hours in one or more workweeks, however, the proper overtime compensation was not paid by Defendants.

88. At all material times set forth herein, Defendants required Plaintiff and FLSA Collective Members to incur employer and/or business-related expenses and costs and failed to reimburse them. These unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff and FLSA Collective Members' job duties or in obedience to Defendants' directions. These unreimbursed costs reduced Plaintiff and FLSA Collective Members' take-home pay below the legally-required wage rates. Defendants' failure to pay Plaintiff and FLSA Collective Members overtime compensation and failure to reimburse all necessary business-related expenses was and is a result of a uniform policy or practice.

89. At all material times set forth herein, Defendants' failure to pay Plaintiff and FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA or, alternatively, Defendants' reckless disregard for the requirements of those provisions.

90. As a result of Defendants' unlawful conduct, Plaintiff and FLSA Collective Members have suffered damages in an amount, subject to proof, to the extent they were not paid overtimes wages for all overtime hours actually worked.

91. As a result of Defendants' violations of the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION: NEW YORK – OVERTIME WAGES**
**Violation of NYLL Article 6, § 190, *et seq.*, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR §142:**
**(Brought on behalf of Plaintiff and the Class)**

92. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

93. Defendants failed to pay premium overtime wages to Plaintiff and Class Members in violation of NYLL Articles 6 and 19 and their implementing regulations, including, but not limited to, 12 NYCRR §142.

94. Defendants have engaged in a widespread pattern, policy, and practice of violating NYLL Articles 6 and 19 and their implementing regulations, as detailed in this Complaint.

95. Plaintiff and Class Members worked over forty (40) hours in workweeks, both on- and off-the-clock, and were not compensated for the overtime hours worked.

96. Defendants failed to keep accurate records of time worked by Plaintiff and Class Members.

97. Defendants did not make a good faith effort to comply with New York law with respect to Defendants' compensation of Plaintiff and Class Members.

///

///

98. As a result of Defendants' violations of New York law, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief as provided by law pursuant to NYLL Article 6, § 190 *et seq.* and Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR §142.

**THIRD CAUSE OF ACTION: NEW YORK – NON-OVERTIME WAGES**
**Violation of NYLL Article 6, § 190, *et seq.*, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR §142:**
**(Brought on behalf of Plaintiff and the Class)**

99. Plaintiff realleges and incorporates by reference all preceding allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

100. Defendants have engaged in a widespread pattern, policy, and practice of violating New York law, as detailed in this Complaint.

101. Plaintiff and Class Members worked significant off-the-clock hours which were uncompensated at the legally required rate of pay. Defendants' failure to pay required non-overtime wages and failure to compensate Plaintiff and Class Members at the legally required rate of pay also arises from Defendants' failure to reimburse Plaintiff and Class Members for all necessary business-related expenses pursuant to 12 NYCRR § 142-2.10. Under the NYLL, Plaintiff and Class Members are entitled to their agreed-upon wage, or at least the state minimum wage, for all hours worked.

102. Defendants failed to pay Plaintiff and Class Members non-overtime wages, including minimum and regular wages, and reimbursement for business expenses (e.g. personal cellphone use for work-related purposes) to which they are entitled under New York law, including, *inter alia*, NYLL Art. 19, § 650, *et seq.* and § 663, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR §142.

///

103. By engaging in the conduct alleged herein, Defendants willfully failed to pay Plaintiff and Class Members promised wages for all hours worked, in violation of New York labor law, including, *inter alia*, NYLL Article 6, §§ 193, 198, and 198-C, which only permit deductions from and/or reductions of wages for certain enumerated purposes where such deductions and/or reductions are authorized in writing and for the benefit of the employee. The failure to pay promised wages constitutes wage theft as a full deduction and/or reduction from wages of an employee.

104. Defendants' failure to pay required wages and compensation to Plaintiff and Class Members as set forth above was willful within the meaning of NYLL Article 6, §§ 193, 198, 198-C.

105. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and Class Members.

106. Defendants lacked a good faith basis, within the meaning of NYLL § 663, to believe Defendants' failure to pay Plaintiff and Class Members' minimum and regular wages complied with New York law.

107. Through their knowing or intentional failure to pay Plaintiff and Class Members wages for all hours worked at the appropriate rate, Defendants have willfully violated New York law, including, *inter alia*, NYLL Article 19, § 650 *et seq.* and § 663, and the supporting New York State Department of Labor Regulations.

108. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190 *et seq.* and Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR §142.

///

///

**<u>FOURTH CAUSE OF ACTION: NEW YORK – WAGE STATEMENTS</u>**
**Violation of NYLL Article 6, § 195(3):**
**(Brought on behalf of Plaintiff and the Class)**

109. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

110. NYLL § 195(3) requires that employers furnish non-exempt employees with a statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other (for all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate); gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages. Where such prevailing wage supplements are claimed, or such home care aide benefits are provided, the statement shall either: (i) identify the type of each supplement claimed, or the type of each home care aide benefits provided, and the hourly rate for each; or (ii) be accompanied by a copy of the applicable notice required under NYLL § 195(1) and (2). For all employees who are not exempt from overtime compensation as established in the Commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

///

///

111. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL § 195(3) requirement to provide accurate wage statements as detailed in this complaint.

112. Defendants' failure to comply with NYLL § 195(3) was willful.

113. Defendants' failure to comply with NYLL §195 resulted in concrete injuries to Plaintiff and Class Members by withholding money which Plaintiff and Class Members were owed. Such injuries are concrete, economic harm.

114. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, *et seq.* and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR §142.

**FIFTH CAUSE OF ACTION: NEW YORK – SPREAD OF HOURS**
**Violation of New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142-2.4:**
**(Brought on behalf of Plaintiff and the Class)**

115. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

116. Under New York law, employers are required to pay an extra hour of pay at the minimum wage rate when an employee's workday involves more than one shift in a day and total hours worked in that day are ten (10) or more hours, including breaks and split shifts, as mandated by the New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 142-2.4.

117. Plaintiff and Class Members worked for ten (10) or more hours in a day.

///

///

118. Defendants failed to pay Plaintiff and Class Members an extra hour of pay at the minimum wage rate for workdays that Plaintiff and Class Members were required to work more than one shift in a day and their total hours worked in that day were ten (10) or more hours.

119. As a result of Defendants' violations, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated individuals, prays for the following relief:

A. Designation of this action as a collective action on behalf of FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to assert timely claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this case as a class action on behalf of the Class Members pursuant to Federal Rule of Civil Procedure 23;

C. Designation of Plaintiff as representative of the Class;

D. Designation of Plaintiff's counsel of record as counsel for the Class ("Class Counsel");

E. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all Class Members;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.*, New York law, including, *inter alia*, NYLL Article 6, § 190, *et seq.* and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

G. An award of damages, including unpaid wages, liquidated damages, and restitution to be paid by Defendants, according to proof;

H. Appropriate equitable and injunctive relief to remedy violations, including but not limited to, an order enjoining Defendants from continuing their unlawful practices;

I. Statutory damages and penalties, as provided by law;

J. Pre-judgment and post-judgment interest, as provided by law; and

K. Attorneys' fees and costs incurred in the action, including expert fees, as provided by law;

L. Reasonable service awards for the named plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and the Class, and for the risks they took in doing so; and

M. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of all others similarly situated, requests a trial by jury.

Dated: October 5, 2026
New York, New York

**LAWYERS *for* JUSTICE, P.C.**

By: _*/s/ Breanna Small*_________________

Breanna Small
**LAWYERS *for* JUSTICE, P.C.**
217 Broadway, Suite 511
New York, New York 10007
Telephone: (516) 587-8423
Facsimile: (818) 265-1021
b.small@calljustice.com

*Attorneys for Plaintiff, Putative Class, and FLSA Collective*